**DATELINE EXPORTS, INC.,**
**Plaintiff–Appellant,**

v.

**BASIC CONSTRUCTION, INC.,**
**Defendant–Appellee.**

No. 01–15405.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Filed Sept. 25, 2002.

David G. Banes, O'Connor Berman Dotts & Banes, Saipan, MP, for the plaintiff-appellant.

Linn H. Asper and Eric Smith, Smith & Williams, Saipan, MP, for the defendant-appellee.

Before: SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and UNPINGCO,[1] District Judge.

PER CURIAM:

This is an appeal from the denial of a motion for a preliminary injunction to prevent the appellee, Basic Construction, Incorporated, from transferring assets outside the Commonwealth of the Northern Mariana Islands. The appellant, Dateline Exports, Incorporated, sought the injunction in order to secure its rights under a settlement agreement in which Basic agreed to pay Dateline in monthly install-ments, a total of $120,000, plus interest. The district court denied the motion because it found that Dateline failed to establish a threat of irreparable harm. We affirm, because the district court did not have authority to grant such injunctive relief to an unsecured creditor.

In the underlying litigation, Dateline sued Basic for payment of a debt for commercial goods. The settlement agreement incorporated a promissory note obligating Basic to pay Dateline $120,000 plus 9% interest per annum in monthly installments to be paid over a period of several years. The agreement allowed Dateline to accelerate maturity of the note if Basic either defaulted on any of its payments, made a general assignment to creditors, or filed for bankruptcy. The parties filed a Stipulation and Order with the district court that incorporated by reference the terms of the promissory note and provided that the district court retain jurisdiction to enforce the terms and conditions of the note. The Stipulation and Order was signed by the district judge on February 25, 2000.

On January 26, 2001 Dateline filed a Motion for a Preliminary Injunction and Writ of Attachment in the district court claiming that Basic was transferring its assets out of the Commonwealth and that as a result Dateline would suffer irreparable harm because it would be unable to collect on the note. Dateline also stated that Basic had failed to make its December 2000 payment on time. Dateline asked the district court to prevent Basic from moving any of its assets by enjoining it from:

(1) selling, transferring, conveying, alienating, and disposing inventory, construction materials and supplies, and

---

1. The Honorable John S. Unpingco, Chief District Judge for the District of Guam, sitting by designation.

other property owned by Defendant, (2) shipping outside the CNMI or removing from its present location at Defendant's warehouse, Beach Road, Chalan Laulau, Saipan such inventory, construction materials and supplies, and other property owned by Defendant.

The district court denied the preliminary injunction in February 2001. It found that Dateline had waived any objection to the late payment by accepting the payment. Dateline does not challenge that finding, but contends that the removal of the assets will cause it irreparable harm because it will lose any possible security for the debt.

 Because Basic had not defaulted on any of its payments, Dateline had no right under the agreement to accelerate the debt. It was in the position of an unsecured creditor whose debtor had not yet defaulted. Under general equitable principles recognized by the United States Supreme Court, a district court lacks authority to issue a preliminary injunction that freezes a debtor's assets in cases involving unsecured creditors. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999). In *Grupo Mexicano,* the Supreme Court held that a district court does not have the authority to issue a preliminary injunction preventing a party from disposing of assets pending adjudication of a claim for money damages. *Id.* at 333, 119 S.Ct. 1961. The Court noted that "before judgment (or its equivalent) an unsecured creditor has no rights at law or in equity in the property of his debtor." *Id.* at 329–330, 119 S.Ct. 1961. The Court held that a creditor with no rights to the property of a debtor could not seek to restrain the debtor's use of its property. *Id.* at 333, 119 S.Ct. 1961.

Dateline relies on *Walczak v. EPL Prolong, Inc.,* where the request for an injunction came from a minority shareholder trying to prevent a company from proceeding with a specific stock sale. 198 F.3d 725, 728 (9th Cir.1999). The injunction was not sought by a creditor who lacked rights in the company's assets. *Id.* We noted that the injunction rejected in *Grupo Mexicano* effected a freeze on all of the debtors' assets while the injunction affirmed in *Walczak* "[did] not completely prohibit Appellants from taking any action with regard to their assets." *Id.* It only prohibited the Appellants from either proceeding with a stock sale or otherwise liquidating the company. *Id.* at 730.

In this case however, Dateline, an unsecured creditor, requested an injunction to restrain Basic from disposing of any of its assets. The district court was thus presented with a request materially similar to the injunction rejected in *Grupo Mexicano.* The injunction, if granted, would have permitted a creditor with no right to the debtor's assets to interfere with the debtor's use of its own property. The district court lacked the authority to grant the equitable relief requested and therefore properly denied the motion for a preliminary injunction.

AFFIRMED.